IN THE INTEREST OF RGB, A MINOR
No. 28582
Intermediate Court of Appeals of Hawaii.
April 9, 2009.
James Ireijo, for Mother-Appellant
Howard H. Shiroma, Mary Anne Magnier Deputy Attorneys General, (Office of the Attorney General) for Petitioner-Appellee Department of Human Services

SUMMARY DISPOSITION ORDER
NAKAMURA, Presiding Judge, FUJISE and LEONARD, JJ.
Mother-Appellant (Mother) appeals from the Family Court of the Third Circuit's (Family Court's) Order Denying Motion for 1) New Trial, and/or 2) to Reconsider and/or Amend Judgment and/or All Previous Orders, and/or 3) for Release of All Evidence or Files in case, and/or 4) for Dismissal Filed February 6, 2007, which was filed on May 8, 2007 (Order Denying Relief.)[1]
From Mother's point-of-view, this appeal concerns the termination of her parental rights with respect to her child (RGB,) who was born in July of 1999. Mother's parental rights were terminated in the Family Court's March 11, 2005 Findings of Fact, Conclusions of Law and Order (Termination Order). However, the Termination Order is not before the court on this appeal. On June 28, 2006, in S. Ct. No. 27814, the Hawai`i Supreme Court entered an order dismissing Mother's appeal from the Termination Order, which stated:
The March 11, 2005 findings of fact, conclusions of law, and order was not, by itself, an appealable final order under HRS § 571-54 (1993).... Mother-Appellant did not file a motion for reconsideration within twenty days after entry of the March 11, 2005, findings of fact, conclusions of law, and order, as HRS § 571-54 (1993) required. Therefore, Mother-Appellant failed to perfect her right to assert an appeal under HRS § 571-54 (1993), and there is no appealable order. Absent an appealable order, we lack jurisdiction over this case. Accordingly,
IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.
In addition to awarding permanent custody of RGB to Petitioner-Appellee Department of Human Services (DHS) and limiting or restricting Mother's further participation in the case to any motions for relief from the Termination Order (or any motions necessary to an appeal), the March 11, 2005 Termination Order discharged Mother's stand-by counsel and ordered:
Based on representations as to changes in her resource status, if Mother wishes the assistance of court-appointed counsel to pursue further relief or to perfect an appeal, she must tender a new application for court-appointed counsel to the Court immediately.
Mother did not apply for court-appointed counsel until March 29, 2005. The Family Court appointed counsel the same day. Newly-appointed counsel, Carrie M. Yonemori, Esq. (Yonemori) failed to file a motion for reconsideration within twenty days from the Termination Order, as required to perfect an appeal.
As noted above, this appeal seeks relief from the Order Denying Relief, which was filed nearly two years after the Termination Order.[2] With respect to the Order Denying Relief, it appears that Mother raises the following two points of error:
1. Mother was denied her due process rights to competent counsel; and
2. The Family Court erred when it refused to allow Mother to review certain "confidential" records and files in this case.
Notwithstanding DHS's argument that Mother's February 6, 2007 Motion for Relief was untimely and subject to dismissal, we will consider the substance of Mother's arguments on this appeal.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Mother's points of error as follows:
(1) In Mother's Opening Brief, Mother appears to argue that she received ineffective assistance of counsel both before and after the entry of the Termination Order. With respect to the pre-termination period, Mother argues that at pivotal moments in the case, she had no competent counsel to protect her rights. Mother fails to identify with specificity, however, at which points in the case that she was unconstitutionally deprived of access to competent counsel. It appears from the record that Mother was represented by appointed counsel or standby consulting counsel at all hearings leading up to the Termination Order.[3] See In re D.W., 113 Hawai`i 499, 155 P.3d 682 (App. 2007) (holding that, although consulting attorneys had limited powers and duties, their use was not a denial of due process). More importantly, although we understand Mother's over-arching argument is that she lost her child primarily because she was poor, became homeless, and the State did not thereafter provide her with adequate facilities and services to help her provide a safe family home[4]  and competent counsel would have helped her improve her situation  Mother does not identify any specific error or omission of counsel during the events and proceedings which culminated in the Termination Order.
With respect to the post-termination time frame, this court is troubled by the impact of the Termination Order's immediate discharge of Mother's standby attorney, particularly in light of the Family Court's assessment of Mother's mental health status, including that: "Mother suffers from a mental health condition that distorts her perceptions of people and this causes her to come into conflict with and to refuse to cooperate with people that are trying to help her." The court, nevertheless, put the burden on Mother to "immediately" take affirmative steps to apply for new counsel. Although new counsel apparently was appointed on the same day that Mother finally got her application in to the court, Yonemori failed to preserve Mother's rights to challenge the Termination Order by failing to immediately file a motion for reconsideration. Yonemori herself later described her performance as falling below the level of competence required to protect Mother's rights in this case. That said, Mother has not identified to this court a single "appealable issue" that could have been raised had counsel preserved her rights to an appeal from the Termination Order. We consider, by analogy, the standard that is applied to claims of ineffective assistance of appellate counsel in criminal matters. In Dan v. State, 76 Hawai`i 423, 432-33, 879 P.2d 528, 537-38 (1994), the Hawai`i Supreme Court stated that an appealable issue is "an error or omission by counsel, judge, or jury resulting in the withdrawal or substantial impairment of a potentially meritorious defense." (Internal quotation marks and citation omitted.) In this case, Mother has failed to even suggest a meritorious basis upon which counsel could have filed a motion to reconsider and could have raised on appeal from the Termination Order. For these reasons, we conclude that the Family Court did not err in declining to grant Mother relief based on ineffective assistance of counsel.
(2) Although there is no citation to the record, no quotation of a finding or conclusion, and no reference to appended findings or conclusions, as required by Hawai`i Rules of Appellate Procedure (HRAP) 28(b)(4), Mother's second point of error appears to stem from a provision in a November 9, 2006 order,[5] which states:
D. [Mother's] parental rights have been terminated and due to this status and the possibility of dissemination of these confidential records, the court finds that future court records are not currently available to [Mother]; provided however that court records will be made available for any appellate review of this decision.
This limitation appears to be supported by HRS § 587-73(b) (4) (2006) and is grounded in the Family Court's prior final decision that Mother had no further parental rights or interests in the proceedings. Mother has not informed this court of any documents or category of documents that she reasonably requested access to or why she needs full access to the post-November 6, 2006 record in this case. Mother has failed to identify any prejudice stemming from this limitation. Under very different circumstances, we have held that a family court's restrictions violated a party's right to free access to the courts. See Doe v. Doe, 118 Hawai`i 293, 305-07, 188 P.3d 807, 819-21 (2008). Our holding in Doe is not applicable to this case. We conclude that the Circuit Court did not err in limiting Mother's access to the post-November 6, 2006 confidential record in this case.
For these reasons, we affirm the Family Court's May 8, 2007 Order Denying Relief.
NOTES
[1] The Honorable Ben H. Gaddis presided.
[2] There were various interim proceedings which are not discussed in this Summary Disposition Order.
[3] It also appears that, the use of standby counsel in this case was, at least in part, due to Mother's rejection of counsel's services.
[4] In spite of the findings of the Family Court, Mother does not acknowledge the role that her mental health issues played in determining the course of these proceedings.
[5] In addition, in the Termination Order, the Family Court ordered that: "It is in [RGB's] best interests that the participation of Motion and Father in subsequent hearings be limited or restricted to appearances on any motions for relief from this decision and order or any motions necessary to pursue an appeal."